IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EDWARD A. SPILSBURY,<br><br>Plaintiff,<br><br>v.<br><br>K. RON METCALF, TODD C. BONZO, BRIAN C. REBMAN, and LISA REBMAN<br><br>Defendants, | ORDER<br><br>Case No. 2:09-CV-00488 |

Defendants Ron Metcalf, Todd Bonzo, Brian Rebman, and Lisa Rebman move this court to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction, pursuant to 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. The court heard oral argument on this matter on June 23, 2010. Jared G. Brande argued on behalf of the defendants. Plaintiff, Edward Spilsbury, was represented by Adam D. Ford. After careful review of the parties' submissions and arguments, the court dismisses plaintiff's second amended complaint for lack of subject matter jurisdiction on the grounds that plaintiff has failed to state a claim under federal law.[1] The court finds plaintiff's Racketeer Influenced Corrupt Organizations Act ("RICO") claim, the only federal cause of action, fails for the following reasons.

First, plaintiff's RICO claim fails to meet the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. "In alleging fraud or mistake, a party must state

---

[1]Plaintiff's complaint lacks diversity jurisdiction because plaintiff and one or more of the defendants reside in Utah.

with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity requirement of Rule 9(b) applies to all averments of fraud, including causes of action under RICO stemming from mail and wire fraud. *See Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). Thus, a RICO claim alleging mail or wire fraud must set forth the time, place and content of each allegedly fraudulent representation or omission, allege facts showing why the representation or omission is fraudulent, identify the particular defendant involved, and identify the consequences of the representation or omission. *See id.* Here, plaintiff's second amended complaint includes general allegations of mail and wire fraud as predicate acts of racketeering. However, the complaint does not include the requisite particulars to support the plaintiff's allegations. Plaintiff has not identified the time, place and contents of any false representation or omission. Further, plaintiff has not provided facts showing why the representation or omission is fraudulent, or identified the particular defendant involved. Therefore, plaintiff's RICO claim under 18 U.S.C. §1962(a) and 18 U.S.C. §1962(d) fails because plaintiff has not adequately pled mail or wire fraud.

Second, even if plaintiff had satisfied the particularity requirement of Rule 9(b), plaintiff has provided insufficient facts to support a plausible allegation of a pattern of racketeering. In order to bring a RICO claim, a plaintiff must establish several elements including a pattern of racketeering activity. *See* 18 U.S.C. § 1962; *Gilmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). RICO defines a "pattern of racketeering activity" as "at least two acts of racketeering activity...which occurred within ten years" of each other. 18 U.S.C. § 1961(5). Proof a pattern of racketeering activity requires related predicate acts that amount to or pose a threat of continued activity. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *Hall v. Witteman*, 584 F.3d 859, 867 (10th Cir. 2009). "RICO is not aimed at the isolated offender." *Tal*, 453 F.3d at 1267 (quotation marks and citation omitted). In the case at hand, there is no

2

evidence in plaintiff's complaint of a threat of continuing activity. Defendants' alleged actions were directed at one victim, the plaintiff, with little or no potential to extend to other persons or entities. Plaintiff argues defendants' actions have negatively impacted other mortuaries in the region, but the complaint does not include facts to support a relationship between the defendants' actions and a broader effect. Simply put, plaintiff has not alleged the type of activity that RICO was enacted to address. Therefore, in addition to failing to satisfy the requirements of Rule 9(b), plaintiff's RICO claim under 18 U.S.C. §1962(a) and 18 U.S.C. §1962(d) also fails because plaintiff has not established a pattern of racketeering activity.

For the foregoing reasons, the defendants' motion to dismiss is GRANTED. The court dismisses plaintiff's RICO cause of action. In addition, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state claims. Accordingly, the court lacks subject matter jurisdiction over plaintiff's action. This case is dismissed without prejudice.
IT IS SO ORDERED.

DATED this 14th day of July, 2010.

Dee Benson
United States District Judge